# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

DONNA HURST, as personal representative of the Estate of
Howard Mathews, deceased,

Appellant,

v.

DAYMON BELL and PROGRESSIVE SELECT INSURANCE
COMPANY,

Appellees.

No. 2D2025-0645

_____

July 29, 2026

BY ORDER OF THE COURT:

Progressive Select Insurance Company's motion for a written opinion is granted.  The opinion issued May 27, 2026, is withdrawn, and the following opinion is substituted therefor.

I HEREBY CERTIFY THE FOREGOING IS A TRUE COPY OF THE
ORIGINAL COURT ORDER


MARY ELIZABETH KUENZEL

CLERK

DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

DONNA HURST, as personal representative of the Estate of
Howard Mathews, deceased,

Appellant,

v.

DAYMON BELL and PROGRESSIVE SELECT INSURANCE
COMPANY,

Appellees.

No. 2D2025-0645

_____

July 29, 2026

Appeal from the Circuit Court for Manatee County; Edward Nicholas,
Judge.

Brent Steinberg and Brenna Spinner of Swope, Rodante, P.A., Tampa, for
Appellant.

Carlos Gomez, Jordan Thompson, and Megan Alexander of Young, Bill,
Palmer, Duke, Thompson & Alexander, P.A., Tampa, for Appellee
Progressive Select Insurance Company.

No appearance for remaining Appellee.


LABRIT, Judge.

Donna Hurst, as personal representative of the estate of Howard

Mathews, appeals a postjudgment order granting Progressive Select

Insurance Company's exceptions to a general magistrate's report and

recommendation and denying the Estate's amended motion to join

Progressive to an attorney's fee and cost judgment[1] entered against Progressive's insured, Daymon Bell.  We affirm because Progressive's policy does not provide coverage for the attorney's fee judgment at issue here.[2]

Mr. Mathews sued Mr. Bell for injuries arising from an automobile collision.  At the time, Mr. Bell was insured under an automobile liability policy issued by Progressive that provided bodily injury liability coverage in the amount of $100,000 per person and $300,000 per accident.  Before suit was filed, Progressive tendered the $100,000 policy limits to Mr. Mathews and Mr. Mathews rejected the tender.

A few months after filing this suit, Mr. Mathews served Mr. Bell with a proposal for settlement in the amount of $160,000.  The proposal was not accepted, and the case proceeded to trial.  The jury returned a

---

[1] The judgment the Estate sought to enforce against Progressive included both attorney's fees and taxable costs.  During the proceedings on the Estate's joinder motion, however, Progressive voluntarily paid the taxable cost portion of the judgment.  Accordingly, the dispute on appeal concerns only whether Progressive may be joined to the judgment for the attorney's fee portion, and our analysis is limited to that issue.

[2] We have permitted Progressive to participate as an appellee for purposes of this appeal.  Although Progressive was not formally joined as a party below because the order under review denied joinder, the Estate seeks relief directly against Progressive, Progressive participated below on the joinder issue, Progressive filed the exceptions that produced the order under review, and Progressive would be directly liable if the Estate obtained the requested reversal.  Florida Rule of Appellate Procedure 9.020(g)(2) defines an appellee as every party in the lower tribunal other than the appellant, and the committee note explains that the term includes parties against whom relief is sought and others necessary to the cause.  The Estate has not objected to Progressive's participation, and due process considerations also favor allowing Progressive to defend an order whose reversal would impose a money judgment against it.  *See DSA Marine Sales & Serv., Inc. v. County of Manatee*, 661 So. 2d 907, 909 (Fla. 2d DCA 1995).

verdict in favor of Mr. Mathews, and the trial court entered a final judgment against Mr. Bell after applying a setoff for Progressive's payment of the bodily injury liability limits.  The court later entered a separate attorney's fee and cost judgment against Mr. Bell and in favor of the Estate[3] based on the unaccepted proposal for settlement.  The Estate then moved under section 627.4136(4), Florida Statutes (2024), to add Progressive—Mr. Bell's insurer—to that judgment.  A general magistrate recommended granting the motion, but the circuit court granted Progressive's exceptions and denied joinder.  The Estate now seeks our review.

This appeal turns on the policy language.  We review the interpretation of an insurance policy de novo.  *See Wash. Nat'l Ins. Corp. v. Ruderman*, 117 So. 3d 943, 948 (Fla. 2013).  Insurance policies are construed according to their plain language, and where the relevant language is unambiguous, courts must enforce the contract as written. *See Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005).  Courts must also read the policy as a whole and give effect to all of its provisions, rather than isolate one clause in a way that renders another meaningless.  *See Wash. Nat'l Ins. Corp.*, 117 So. 3d at 948 (*U.S. Fire Ins. v. J.S.U.B., Inc.*, 979 So.2d 871, 877 (Fla.2007)).  And although ambiguous policy provisions are construed in favor of coverage, *see Auto-Owners Ins. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000), that rule applies only after the court determines that the policy is genuinely susceptible to more than one reasonable interpretation, *see Deni Assocs.*

---

[3] Mr. Mathews passed away during the postjudgment proceedings, and Donna Hurst, as personal representative of his estate, was substituted as plaintiff.

*of Fla., Inc. v. State Farm Fire & Cas. Ins.*, 711 So. 2d 1135, 1138 (Fla. 1998).

The relevant policy provision appears under "ADDITIONAL PAYMENTS" and provides:

> In addition to our limit of liability, we will pay for an insured person:
>
> 1. all expenses we incur in the settlement of any claim or in the defense of an insured person in any lawsuit.  This does not include attorney fees awarded or assessed against an insured person;
>
>      . . . .
>
> 5. reasonable expenses, including loss of earnings up to $200 per day, incurred at our request.

(Emphasis omitted.)

The attorney's fee judgment the Estate seeks to collect from Progressive is, in ordinary terms, an award of attorney's fees assessed against Progressive's insured, Mr. Bell.  Paragraph 1 of the policy expressly identifies that category of fees and states that it is not included.  The Estate relies on paragraph 5, but paragraph 5's more general language—"reasonable expenses, including loss of earnings up to $200 per day, incurred at our request"—cannot reasonably be read to silently restore the very category of adverse attorney's fee liability that paragraph 1 expressly addresses.  *See Idearc Media Corp. v. M.R. Friedman & G.A. Friedman, P.A.*, 985 So. 2d 1159, 1161 (Fla. 3d DCA 2008) ("[I]t is a general principle of contract interpretation that a specific provision dealing with a particular subject will control over a different provision dealing only generally with that same subject." (quoting *Kel Homes, LLC v. Burris*, 933 So. 2d 699, 703 (Fla. 2d DCA 2006))).

The Estate correctly observes that the word "including" is ordinarily a term of enlargement rather than limitation.  *Cf. White v. Mederi*

*Caretenders Visiting Servs. of Se. Fla., LLC*, 226 So. 3d 774, 783 (Fla. 2017). But that principle does not permit paragraph 5 to swallow paragraph 1. The example that follows "including"—"loss of earnings up to $200 per day"—is significant. It points to ordinary expenses the insured personally incurs when asked to participate in the defense, such as attending a deposition, hearing, or trial.[4] *See, e.g.*, *Fed. Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95, 100 (1941) ("[T]he term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle." (citing *Phelps Dodge Corp. v. Nat'l Labor Relations Bd.*, 313 U.S. 177, 189 (1941))). Paragraph 5 may cover similar cooperation-related expenses beyond lost earnings, but it does not naturally communicate that Progressive has agreed to pay an adverse statutory attorney's fee award entered in favor of the opposing party. Reading it that way would give the general phrase "reasonable expenses" a breadth that the surrounding text does not support. *See Taurus Holdings*, 913 So. 2d at 532 ("[C]ourts may not 'rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties.' " (quoting *State Farm Mut. Auto. Ins. v. Pridgen*, 498 So. 2d 1245, 1248 (Fla. 1986))).

Nor does the policy become ambiguous simply because paragraph 1's fee language is located in the first numbered paragraph rather than

---

[4] This reading is reinforced by the policy's cooperation provisions. Under the general "Duties in Case of an Accident or Loss" provision, a person seeking coverage must "cooperate with [Progressive] in any matter concerning a claim or lawsuit" and must "attend hearings and trials as [Progressive] require[s]." Read against that backdrop, paragraph 5's reference to "reasonable expenses, including loss of earnings up to $200 per day, incurred at our request" naturally refers to expenses the insured incurs in complying with those cooperation obligations, not to an adverse attorney's fee judgment awarded to the opposing party.

in a global exclusion. The question is not whether the second sentence of paragraph 1 grammatically modifies only the first sentence of paragraph 1. The question is whether the policy, read as a whole, reasonably allows paragraph 5's general "reasonable expenses" language to cover the exact fee category paragraph 1 expressly names and withholds from the settlement-and-defense expense obligation. It does not. The Estate's reading would require us to treat paragraph 5 as an implied attorney's fee coverage grant, even though the same Additional Payments section expressly addresses attorney's fees awarded or assessed against the insured. Florida law does not permit courts to create coverage by rewriting the contract. *See Fojon v. Ascendant Com. Ins.*, 393 So. 3d 806, 810–11 (Fla. 3d DCA 2024).

The Estate's principal authority is *Government Employees Insurance v. Macedo*, 228 So. 3d 1111 (Fla. 2017), but *Macedo* involved materially different policy language. For starters, and unlike Progressive's Additional Payments provision, GEICO's Additional Payments provision did not contain a provision expressly disclaiming coverage for attorneys' fees. GEICO's Additional Payments provision required GEICO to pay, among other things, "all investigative and legal costs incurred by us" and "all reasonable costs incurred by an insured at our request." *Id.* at 1113 (citation modified). The policy index also referred to "Legal Expenses And Court Costs." *Id.* Reading that policy as a whole, the supreme court concluded that the language was ambiguous as to whether attorney's fees awarded under section 768.79 were "included by the terms 'expenses' and 'costs.' " *Id.* at 1113–14.

Progressive's policy answers the question that the GEICO policy left open. Unlike the policy in *Macedo*, this policy expressly states that the settlement-and-defense expenses Progressive will pay do "not include

6

attorney fees awarded or assessed against an insured person." *Macedo* did not hold that every "reasonable expenses incurred at our request" clause covers adverse attorney's fee awards regardless of the surrounding policy language. Nor did it hold that an insurer's control of settlement and defense creates coverage where the policy, read as a whole, expressly excludes the expense category sought. We therefore accept *Macedo*'s premise that insurer control may satisfy the "request" component in an appropriate policy, but that point does not resolve the antecedent coverage question presented by *this* policy. Here, the policy's express fee language removes the ambiguity that drove the result in *Macedo*.

The Estate also relies on *Prime Property & Casualty Insurance v. O Mendoza Trucking, Inc.*, No. 8:22-cv-1094-TPB-AEP, 2023 WL 2162196 (M.D. Fla. Feb. 22, 2023). That federal district court decision is, at most, persuasive authority. *See State v. Dwyer*, 332 So. 2d 333, 335 (Fla. 1976). In any event, it is distinguishable. The policy in *Prime* contained one subparagraph covering "[a]ll reasonable expenses incurred by the insured at [the insurer's] request" and a separate subparagraph covering "[a]ll court costs taxed against the 'insured' " in a suit the insurer defended. *Prime*, 2023 WL 2162196, at *2. The attorney fee language appeared only in the court costs subparagraph, which stated that "these payments" did not include attorney's fees or attorney's expenses taxed against the insured. *Id.* Thus, the federal court understood the question before it as whether that court costs limitation reached back to defeat coverage otherwise available under the separate reasonable expenses subparagraph. *Id.* at *2–3. It concluded that "these payments" referred only to the court costs payments described in that same subparagraph. *Id.* at *3.

7

Progressive's policy is structured differently. Paragraph 1 is not merely a court costs provision; it addresses "all expenses" Progressive incurs "in the settlement of any claim or in the defense of an insured person in any lawsuit" and then expressly states that those expenses do not include attorney's fees awarded or assessed against an insured person. Paragraph 5, by contrast, refers to reasonable expenses incurred at Progressive's request and gives lost earnings as the example. That different wording and structure makes *Prime* unpersuasive here.

The Estate appears to proceed from the mistaken premise that because another court, in another case, construed different policy language differently, the policy before us necessarily is ambiguous. Judicial disagreement does not itself create contractual ambiguity. *See Eastpointe Condo. I Ass'n v. Travelers Cas. & Sur. Co. of Am.*, 379 F. App'x 906, 909 (11th Cir. 2010) ("[T]he fact that different judges have reached different interpretations of similar policy language does not necessarily mean that the language is ambiguous."); *see also Allstate Ins. v. Orthopedic Specialists*, 212 So. 3d 973, 981 (Fla. 2017) (Pariente, J., dissenting) ("[W]e recognize that a lack of consensus among the courts does not raise a presumption of ambiguity . . . ."); *Deni Assocs. of Fla., Inc.*, 711 So. 2d at 1137–39 (holding an exclusion unambiguous notwithstanding contrary decisions construing the same exclusion); *Indian Harbor Ins. v. Williams*, 998 So. 2d 677, 678–79 (Fla. 4th DCA 2009) (reaching a single unambiguous construction in consolidated appeals arising from opposite trial court rulings in materially identical cases). Ambiguity is a feature of the text before the court and exists only when, after the ordinary rules of construction are applied, that text is reasonably susceptible to more than one reasonable interpretation. *See City of Pompano Beach v. Beatty*, 222 So. 3d 598, 600 & n.1 (Fla. 4th

8

DCA 2017); *Taurus Holdings*, 913 So. 2d at 532, 537 (emphasizing that "the language of the policy is the most important factor"). Accordingly, the federal court's decision in *Prime* does not create an ambiguity in Progressive's policy merely because it reached a different result under materially different policy language. At most, *Prime* supplies persuasive reasoning to be assessed against the text before us; it cannot create an ambiguity that this policy's text does not support.

Because the policy does not cover the attorney's fee portion of the judgment, section 627.4136(4) supplies no basis to join Progressive to that judgment. The circuit court therefore correctly granted Progressive's exceptions to the magistrate's recommendation, which had the effect of denying the Estate's amended motion to add Progressive to that judgment.

Affirmed.

BLACK and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

9